UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KYLIE J. SCOTT,            )<br>      Plaintiff,            )<br>                                             )<br>    v.                                 )<br>                                             )<br>KILOLO KIJAKAZI, Acting Commissioner )<br>of the Social Security Administration,   )<br>      Defendant.            ) | CAUSE NO.: 3:20-CV-962-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Kylie J. Scott on November 13, 2020, and Plaintiff's Brief [DE 23], filed August 24, 2021. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On November 2, 2021, the Commissioner filed a response, and Plaintiff filed his reply on November 30, 2021.

**I.    Background**

On August 1, 2017, Plaintiff filed an application for benefits alleging that she became disabled on January 1, 2015. Plaintiff's application was denied initially and upon consideration. On November 25, 2019, Administrative Law Judge ("ALJ") Monica LaPolt held a hearing at which Plaintiff, along with an attorney and a vocational expert ("VE"), testified. On December 26, 2019, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2022.

2. The claimant has not engaged in substantial gainful activity since January

1

       1, 2015, the alleged onset date.

3.     The claimant has the severe impairment of anxiety.

4.     The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).

5.     The claimant has the residual functional capacity to perform a full range of work at all exertional levels with the following nonexertional limitations: she cannot engage in production rate or pace work, can engage in no transactional interaction with the public, and no tandem or team tasks. She has the mental capacity to understand, remember, and follow simple instructions. Within these parameters and in the context of performing routine tasks, the hypothetical individual is able to sustain attention and concentration skills sufficient to carry out work-like tasks with reasonable pace and persistence.

6.     The claimant has no past relevant work.

7.     The claimant was a younger individual age 18-49 on the alleged disability onset date.

8.     The claimant has at least a high school education and is able to communicate in English.

9.     Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10.     Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11.     The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2015, through the date of this decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

      The parties filed forms of consent to have this case assigned to a United States Magistrate

Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE 16]. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.     Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence, or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual

findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ erred in his determination of Plaintiff's RFC and failed to adequately analyze the opinions of Plaintiff's treating provider. The Commissioner argues that the ALJ's decision was supported by substantial evidence.

Plaintiff's treating therapist completed a residual functional capacity questionnaire that identifies 16 "mental abilities and aptitudes needed to do unskilled work" and opined that Plaintiff was unable to meet competitive standards for getting along with co-workers or peers and responding appropriately to changes in a routine work setting and had no useful ability to function with accepting instructions and respond appropriately to criticism from superiors or deal with normal work stress. AR 1283. The ALJ found her opinion "only partially persuasive" because "[w]hile the

specific function-by-function findings are broadly consistent with the evidence," some of her allegations are "not supported by her other findings in the opinion statements, or by the mental status exams, her course of treatment, or ability to work and serve as a foster mother." AR 24. Plaintiff argues that the ALJ failed to provide sufficient explanation about why she dismissed the opinion and which portions of the opinion she concluded were unsupported. In addition, the ALJ concluded that although Plaintiff "was unable to meet competitive standards or had no ability to function in 4 of 16 subareas of function doing unskilled work," that meant that "in three quarters of these subareas . . . the claimant was not precluded from work," AR 24, reasoning Plaintiff argues is illogical.

At the hearing, the VE testified that having no ability to accept criticism from a supervisor is work preclusive AR 74-75. It appears that the ALJ concluded that the portions of the therapist's opinion that would be disabling were unpersuasive, while the limitations that would still permit work were adopted, which is impermissible cherry-picking, *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding."), and leaves the Court unable to trace the logic of her analysis. *O'Connor-Spinner*, 627 F.3d at 618 ("[ALJ] must provide a 'logical bridge' between the evidence and his conclusions").

The ALJ also found the opinions of the state agency examiners only "partially persuasive" and did not adopt their conclusions about Plaintiff's limits in interacting with others, in concentration, persistence or maintaining pace and in understanding, remembering and applying information" because "the limitation to unskilled work is . . . not contradicted by opinion statements from a treating doctor." AR 24. However, there was no treating doctor opinion analyzed by the

ALJ, leaving the Court unable to trace the logic of the ALJ's conclusion: was there a treating physician statement that she considered but did not include in her opinion? did she mean that because there is not a treating physician opinion that specifically describes Plaintiff's work-related abilities, it is appropriate for the ALJ to ignore the agency examiners' opinion about Plaintiff's mental limitations? Neither line of reasoning is in accordance with the applicable regulations. In addition, because the ALJ did not find any of the opinions in the record about Plaintiff's work-related limitations persuasive and incorporated different limitations in the RFC than were described by any medical source, the Court cannot determine the basis for her RFC determination. Furthermore, if Plaintiff has moderate limitations in concentration, persistence, and pace, as opined by the agency examiners, the RFC is not an accurate representation of her work-related abilities. *See DeCamp v. Berryhill*, 916 F.3d 671, 675-76 (7th Cir. 2019) ("[T]here is no basis to suggest that eliminating jobs with strict production quotas or a fast pace may serve as a proxy for including a moderate limitation on concentration, persistence, and pace."); *Yurt v. Colvin,* 758 F.3d 850, 858-59 (7th Cir. 2014) ("[W]e have repeatedly rejected the notion that . . . confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace."); *Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009) (rejecting the contention "that the ALJ accounted for [the plaintiff]'s limitations of concentration, persistence, and pace by restricting the inquiry to simple, routine tasks that do not require constant interactions with coworkers or the general public").

Plaintiff also argues that the ALJ erred in assessing Plaintiff's non-compliance with treatment, since the non-compliance is a symptom of her psychological limitations, not a reason to think that her symptoms were not severe. *See, e.g., Scott v. Astrue*, 647 F.3d 734, 739-40 (7th Cir. 2011) ("There can be a great distance between a patient who responds to treatment and one who is

able to enter the workforce. . . The very nature of bipolar disorder is that people with the disease experience fluctuations in their symptoms, so any single notation that a patient is feeling better or has had a 'good day' does not imply that the condition has been treated."); *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011) ("[A] person who suffers from a mental illness will have better days and worse days, so a snapshot of any single moment says little about her overall condition."); *Larson v. Astrue*, 615 F.3d 744, 751 (7th Cir. 2010) ("[S]ymptoms that 'wax and wane' are not inconsistent with a diagnosis of recurrent, major depression. 'A person who has a chronic disease, whether physical or psychiatric, and is under continuous treatment for it with heavy drugs, is likely to have better days and worse days.'") (quoting *Bauer v. Astrue*, 532 F.3d 606, 609 (7th Cir. 2008)). Likewise, failure to comply with treatment may be a sign of mental disorder rather than a reason to discount its severity. As the Seventh Circuit Court of Appeals has emphasized, "mental illness . . . may prevent the sufferer from taking her prescribed medicines or otherwise submitting to treatment." *Kangail v. Barnhart*, 454 F.3d 627, 630 (7th Cir. 2006); see also Martinez v. Astrue, 630 F.3d 693, 697 (7th Cir. 2011) ("[P]eople with serious psychiatric problems are often incapable of taking their prescribed medications consistently."); *Jelinek v. Astrue*, 662 F.3d 805, 814 (7th Cir. 2011) (listing cases).

On remand, the ALJ is directed to consider all of the medical evidence and opinions in the record. The ALJ should fully consider each of Plaintiff's alleged impairments, including obtaining additional medical review if necessary, and provide a logical bridge from the evidence to her conclusion.

**VI.     Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief [DE 23] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 7th day of March, 2022.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:     All counsel of record